**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THE VILLAGE OF ROSEMONT,
ILLINOIS,

        Plaintiff,

    v.

PRICELINE.COM INCORPORATED;
TRAVELWEB LLC; TRAVELOCITY.COM
LP; SITE59.COM LLC; EXPEDIA, INC.;
HOTELS.COM, L.P.; and HOTWIRE, INC.,

        Defendants.

Civil Action No. 09 CV 04438

**Judge Guzman**
**Magistrate Judge Nolan**

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT ON DAMAGES AND MEMORANDUM**
**IN SUPPORT OF DEFENDANTS'**
**CROSS MOTION FOR SUMMARY JUDGMENT ON DAMAGES**

# TABLE OF CONTENTS

**Page**

I.     PLAINTIFF'S MOTION SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH LOCAL RULE 56.1 ................................................................ 2

II.    PLAINTIFF'S BASE TAX CALCULATION IS ERRONEOUS .................................. 3

III.   PLAINTIFF'S CLAIMS FOR DAMAGES ACCRUING BEFORE DECEMBER 1, 2005 ARE TIME-BARRED ................................................................ 4

    A.     The appropriate statute of limitations in this case is four years ............................ 5

          1.     The six-year limitations period is not applicable ....................................... 5

          2.     Plaintiff's attempt to invoke the discovery rule to extend the statute of limitations is unavailing ........................................................ 6

    B.     The limitations period should be measured from October 30, 2010 ..................... 9

IV.   PREJUDGMENT INTEREST SHOULD BE CAPPED AT 1.5% SIMPLE INTEREST ................................................................ 10

V.    DEFENDANTS SHOULD NOT PAY A 25% PENALTY ........................................... 11

    A.     If penalties are to be imposed at all, they should be capped at 5% ...................... 11

    B.     The Court should decline to award penalties in this case because they would not serve a proper deterrence purpose ........................................................ 11

VI.   CALCULATIONS ................................................................ 13

    A.     Calculation 1 (Damages Scenario Advocated by Defendants) ............................ 13

    B.     Calculation 2 ................................................................ 14

    C.     Calculation 3 ................................................................ 14

    D.     Calculation 4 ................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)................................................................................6

*CIT Communs. Fin. Corp. v. Wes-Tech Autmatoin Solutions, LLC*,
    2011 WL 1807041 (N.D. Ill. May 11, 2011) ........................................10

*City of Birmingham, et al. v. Orbitz, Inc.*,
    CV 09-3607 JSV, Mar. 24, 2011 Order at 2 (Jefferson County Cir. Ct. 2011) (Ex. __) .........12

*City of Columbus, Ohio v. Hotels.com, L.P.*,
    No. 3:08-CV-2117, 2007 WL 2138585 (N.D. Ohio July 23, 2007) (Exhibit __)....................13

*City of Findlay, Ohio v. Hotels.com, L.P.*,
    561 F.Supp.2d. 917 (N.D. Ohio 2008).................................................12

*City of Findlay v. Hotels.com, L.P.*,
    441 F. Supp. 2d. 855 (N.D. Ohio 2006).................................................13

*City of Houston et al. v. Hotels.com et al*,
    No. 14-10-00349, at 11-14 (Tx. Crt of App. Oct. 25., 2011).................................12

*City of Phila. v. City of Phila. Tax Review Bd.*,
    No. 216 C.D. 2011, at *7-9 (Comm. Court of Pa. Feb. 2, 2012)............................12

*Clay v. Kuhl*,
    189 Ill. 2d 603 (2000) ........................................................................6

*Dynegy Mktg. and Trade v. Multiuit Corp.*,
    648 F.3d 506 (7th Cir. 2011) ................................................................6

*Golla v. General Motors Corp.*,
    167 Ill. 2d 353 (1995) ........................................................................6

*Helland v. Helland*,
    214 Ill. App. 3d 275 (2d Dist. 1991)....................................................10

*In re MarchFIRST, Inc.*,
    2008 WL 4287634 (N.D. Ill. Sept. 12, 2008) ........................................9

*Knox College v. Celotex Corp.*,
    88 Ill. 2d 407 (1981) ........................................................................8

*Louisville/Jefferson County Metro Government v. Hotels.com, L.P.*,
    No. 3:06-CV-480-R, 2008 WL 4500050 (W.D.Ky. Sept. 30, 2008) (Exhibit __) .................12

*Martin v. Heingold Commodities, Inc.*,
    240 Ill. App. 3d 536 (1st Dist. 1992), *overruled on other grounds*, 163 Ill.2d 33
    (1994) ...............................................................................................................................10

*Matter of Oil Spill by the Amoco Cadiz*,
    954 F.2d 1279 (7th Cir. 1992) ........................................................................................10

*Pitt County v. Hotels.com L.P.*,
    No. 4:06-CV-30-BO (E.D.N.C. Aug. 12, 2007), *affirmed by* 553 F.3d 308 (4th Cir.
    2009) ................................................................................................................................13

*Priceline.com et al. v. City of Anaheim*,
    No. JCCP 4472 (Los Angelos Sup. Crt. Feb. 1, 2010) .........................................12

*Sundance Homes, Inc. v. County of DuPage*,
    195 Ill. 2d 257 (2001) ......................................................................................................7

*Sw. Telegraph & Telephone Co. v. Danaher*,
    238 U.S. 482 (1915)...................................................................................................11, 13

*Torres v. Alltown Bus Servs., Inc.*,
    2008 WL 4542959 (N.D. Ill. Apr. 28, 2008) ...................................................................3

*Wells Fargo Bank Nat'l Ass'n v. Lake of Torches Econ. Dev. Corp.*,
    658 F.3d 684 (7th Cir. 2011) ..........................................................................................10

STATUTES

50 ILCS 45/30..............................................................................................................................5, 7

50 ILCS 45/30(1) .......................................................................................................................4, 10

50 ILCS 45/30(2) ...........................................................................................................................4

50 ILCS 45/55 ...............................................................................................................................11

50 ILCS 45/60 ...............................................................................................................................11

Rosemont Code § 10-25(c) ...........................................................................................................11

Rosemont Ordinance 2000-12-6D ....................................................................................... *passim*

OTHER AUTHORITIES

L.R. 56.1 ................................................................................................................................1, 2, 3

## INTRODUCTION

In its October 14, 2011 Memorandum Opinion and Order, this Court held that Defendants are liable to pay taxes on certain sums associated with hotel stays within the Village of Rosemont. (Dkt. No. 126.)  At the Court's request, Plaintiff, the Village of Rosemont ("the Village" or "Plaintiff") submitted a motion requesting summary judgment on damages in the maximum amount of $3,775,477.  (Dkt. No. 135.)  That demand was not supported by a statement of material facts as required by local rule, giving the Court ground to strike the motion altogether. *See* L.R. 56.1.  On its merits, however, the Village's request for damages should be denied because it is premised upon the erroneous calculations of Plaintiff's expert witness, Robert Peterson.  That likely inadvertent error is addressed below in Defendants' Response to Plaintiff's Motion for Summary Judgment on Damages.

While the mathematical formulae underlying Plaintiff's Motion for Summary Judgment on Damages are largely undisputed, they erroneously result in a sum over $3 million because Plaintiff applied an incorrect and overreaching damages framework.

- First, Plaintiff insists that its claim should not be subject to any limitations period or, if it must have some limits, that the limitations period extends to December 1, 2002. As explained more fully below, the applicable limitations period bars Plaintiff's claim for back taxes on any hotel stay that occurred before December 1, 2005.

- Second, Plaintiff inflates its damages figure by compounding interest monthly.  But Illinois law requires the damages in this case to be computed using simple interest.

- Third, Plaintiff seeks a penalty of nearly 25% of the taxes allegedly owed.  Both the relevant statutes and basic considerations of fairness dictate that penalties should be capped at 5%, if they are awarded at all (which they should not).

Defendants therefore cross-move for summary judgment that any damages awarded should be limited on all of these bases and should amount to no more than $1,474,860.

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF ADDITIONAL FACTS**

In its October 14, 2011 Order, this Court held that Defendants are liable to pay taxes on certain sums associated with hotel stays within the Village of Rosemont. (Dkt. No. 126.[1]) As the Court requested, the Village filed a motion for summary judgment on damages. (Dkt. No. 135.) Although that motion requested more than $3 million in damages, the request was not supported with a Statement of Facts as required by Local Rule 56.1.

In lieu of the required statement of facts, the Village submitted the expert report of Robert Peterson. (Dkt. No. 136, 141.) That report contains a calculation error, and the Village's base damage calculation should be adjusted accordingly. Specifically, Mr. Peterson's original expert damages report dated October 30, 2010 erroneously includes transactions from hotels outside of the Village of Rosemont in his calculations. Through his subsequent declaration, filed with Plaintiff's motion, Mr. Peterson claims to have properly removed the transactions with hotels outside of the Village of Rosemont. In reality, he failed to do so for certain Hotels.com transactions. The error inflates the base tax damages figure for Hotels.com by more than $60,000. (SOAF ¶¶ 1-3.[2])

Additionally, as addressed in Defendants' Cross Motion for Summary Judgment on Damages, Defendants also dispute the Village's damages theory because it improperly seeks to assert time-barred claims and artificially inflates interest and penalties.

**ARGUMENT**

**I.      PLAINTIFF'S MOTION SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH LOCAL RULE 56.1.**

---

[1] Defendants continue to dispute the Court's finding of liability, and expressly reserve the right to appeal the Court's liability finding once final judgment is entered in this case.

[2] Citations to the Defendants' Rule 56.1 Statement of Additional Facts in Opposition to Plaintiff's Motion for Summary Judgment will take the form of "SOAF ¶ __" and citations to their Statement of Facts In Support of Their Cross Motion for Summary Judgment will take the form of "SOF ¶ __."

The local rules in this district unambiguously provide that with "each motion for summary judgment," the movant must submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a)(1)(2). "Failure to submit such a statement constitutes grounds for denial of the motion," *id.*, and facts that are argued but not set forth in a Rule 56.1 statement need not be considered by the Court. *Torres v. Alltown Bus Servs., Inc.*, 2008 WL 4542959 at *1 (N.D. Ill. Apr. 28, 2008). Because the Village has not supported any damages figure as required under the local procedural rules, the Court could dismiss the motion for summary judgment outright.

## II. PLAINTIFF'S BASE TAX CALCULATION IS ERRONEOUS.

Should the Court choose to consider the Village's damages calculations, it must recognize an error in those calculations. It appears that the Village's expert, Mr. Peterson, inadvertently included transactions involving hotel stays in Des Plaines, Illinois in his calculation of the base tax owed by Defendant Hotels.com, L.P. (SOAF ¶¶ 1-3.) Obviously, hotel stays outside of the Village's jurisdiction are not subject to the Village's tax. When this error is corrected, Hotels.com L.P.'s base tax is reduced by tens of thousands of dollars, to no more than $287,353. Once the base tax is adjusted, the corresponding calculations of penalties and interest are reduced as well, resulting in an overall *reduction* of alleged Hotels.com tax, penalties and interest due between $138,850 and $193,755 (depending on the applicable scenario in Mr. Peterson's declaration).[3] (*Id.*; SOF ¶¶ 6-9.)

## DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT ON DAMAGES

## ARGUMENT

As noted above, the Village inflates its demand in this case to over $3 million by applying an incorrect and overreaching damages framework: (1) the limitations period bars the Village's

---

[3] *See* Section IV of Mr. Peterson's declaration; *see also* SOF ¶ 1. Defendants' expert has not been asked to offer, and is not offering, any opinion on (1) whether Defendants are liable for any tax amounts; (2) whether damages of any kind are properly awardable; and (3) whether penalties should be assessed.

claim for back taxes on any hotel stay that occurred before December 1, 2005[4]; (2) Illinois law is

clear that interest should be computed using simple interest, not compound; and (3) the relevant

statutes and basic considerations of fairness dictate that penalties should be capped at 5%, if they

are awarded at all (which they should not be). Defendants therefore cross-move for summary

judgment that any damages awarded should be limited on all of these bases and should amount to

no more than $1,474,860.

## III.     PLAINTIFF'S CLAIMS FOR DAMAGES ACCRUING BEFORE DECEMBER 1, 2005 ARE TIME-BARRED.

The Village claims that it should be allowed to collect taxes on each and every transaction it

can identify—from the time each Defendant first began facilitating hotel room reservations in

Rosemont—because the so-called "discovery rule" tolls any applicable limitations period. (Dkt.

No. 135 at 5-7.)   As a back-up position, it claims that the Court should employ the six-year

limitations period from the Illinois Taxpayer Bill of Rights Act ("ITBRA"), which expressly applies

only "if any tax return was not filed or if . . . the tax paid or remitted was less than 75% of the tax

due for that period[.]" 50 ILCS 45/30(2); Rosemont Ordinance No. 2000-12-6D § 15(b). Finally,

the Village claims that the limitations period should be calculated from the date the Village filed its

complaint in this action, even though the Rosemont Code provides that any limitations period runs

from a "determination of tax due and owing," and the complaint did not specify the amount the

Village claimed it was owed. 50 ILCS 45/30(1); Rosemont Ordinance No. 2000-12-6D § 15(a).

The undisputed facts establish that the four-year statute of limitations found in both ITBRA

and the Rosemont Code should apply here, and that such limitations period should be measured

---

[4]  While Defendants contend the taxable event does not occur until the consumer arrives at the hotel and actually checks in, they also recognize that the Court's October 14, 2011 Memorandum Opinion and Order suggests the taxable event is the reservation transaction. *See* Dkt. No. 126 at 13 (stating "tax is applied at the same rate on every hotel reservation transaction in Rosemont, regardless of where the reservation is made or payment occurs"). Since the Court suggests that the taxable event is the reservation transaction, Defendants' calculation applies the statute of limitations consistent with the Court's view.

from October 30, 2010—the first date Rosemont ever revealed the dollar amount that any

Defendant allegedly owed it.  Defendants therefore request that the Court find that all claims

relating to transactions that occurred before December 1, 2005 are time-barred.

### A.       The appropriate statute of limitations in this case is four years.

Both Rosemont Ordinance 2000-12-6D § 15 and the ITBRA provide: "No determination of

tax due and owing may be issued more than 4 years after the end of the calendar year in which the

return for the applicable period was filed or . . . due, whichever occurs later."  Rosemont Ordinance

2000-12-6D § 15(b) (Dkt. No. 135 at Ex. D); 50 ILCS 45/30.  While situations exist warranting an

extension of the limitations period to six years, or warranting an equitable tolling of the four-year

period, this is not one of those situations.  The four-year limitations period should govern this case;

the Village has not provided a valid reason to extend it.

### 1.       The six-year limitations period is not applicable.

The four-year period is the default limitations period under the statute (and the statute's

counterpart in the Rosemont Code).  And that the period only can be extended to six years in two

situations: (1) "if any tax return was not filed" or (2) if "during any 4-year period for which a notice

of tax determination or assessment may be issued . . . the tax paid or remitted was less than 75% of

the tax due for that period[.]"  Rosemont Ordinance 2000-12-6D § 15(6); 50 ILCS 45/30.

Neither exception applies here.  *First*, it is undisputed that the hotels collected and remitted

(via monthly returns) the taxes owed on the so-called "net rate" for hotel reservations booked

through Defendants' web sites. (SOF ¶ 1.)  Thus, a tax return was filed for each of the transactions

at issue.  The Village acknowledges that *some* taxes were remitted in connection with these hotel

stays—just not enough.  *Second*, the amount that the hotels collected and remitted was more than

75% of the total tax owed.  (SOF ¶ 2.)  The Village has submitted no evidence to the contrary.

Accordingly, there is no material dispute that four years is the applicable limitations period here,

and summary judgment should be granted to Defendants on that point. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Dynegy Mktg. and Trade v. Multiuit Corp.*, 648 F.3d 506, 520 (7th Cir. 2011) (summary judgment appropriate where one party did not raise material issue of fact for trial).

### 2. Plaintiff's attempt to invoke the discovery rule to extend the statute of limitations is unavailing.

The Village also contends that any applicable limitations period should be equitably tolled in this case, citing the "discovery rule" commonly associated with injuries manifesting long after the allegedly tortuous conduct. (Dkt. No. 135 at 5-6.) The Village's only support for this position is that it purportedly "was unaware of the amount of tax that the OTCs remit to hotels when they sell Rosemont hotel reservations." (*Id.* at 5.) The Village's argument fundamentally misapprehends the proper use of the discovery rule under Illinois law and should be rejected.

Certain injuries—such as latent medical conditions or injuries caused by, for instance, malpractice—can manifest years after a tort has been committed. Individuals who suffer such injuries have no way of knowing that they are entitled to compensation for a tortfeasor's wrongful conduct. To alleviate the basic "unfairness of charging the plaintiff with knowledge of facts which were 'unknown and inherently unknowable,'" Illinois courts have fashioned the so-called "discovery rule," which tolls the statute of limitations until the injured party is aware of the injury. *Golla v. General Motors Corp.*, 167 Ill. 2d 353 (1995) (quoting *Urie v. Thompson*, 337 U.S. 163, 169 (1949)).

Under Illinois law, the "discovery rule" represents a narrow exception to the general rule that the "limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of her injury or the full extent to which she was injured." *Id.* at 364; *Clay v. Kuhl*, 189 Ill. 2d 603, 611 (2000). Accordingly, Illinois courts require any plaintiff attempting to invoke the "discovery rule" to show that he "did not have all the relevant facts necessary for

recognizing and prosecuting his claim, and he was not remiss in failing to acquire them." *Sundance Homes, Inc. v. County of DuPage*, 195 Ill. 2d 257, 281 (2001).

The "discovery rule" therefore, cannot salvage the Village's claim here. As an initial matter, the Village has cited no case, and Defendants are aware of none, where the discovery rule was applied to a statutory tax collection claim like this one. The concerns justifying application of the discovery rule in tort cases—where the concept is most often invoked—are completely absent in tax collection actions. A taxing authority has the prerogative to initiate an audit to collect data at any time, for example, and so no facts underlying a tax collection claim are truly "unknowable" such that imposing a time limitation on discovering the injury creates a hardship. By contrast, allowing a taxing authority to indefinitely delay bringing a tax claim can create hardship for taxpayers. As the Illinois legislature itself noted when enacting the four-year default limitations period, "[u]nits of local government have an obligation to . . . issue any determination of tax due as promptly as possible so that taxpayers may make timely corrections to future returns and minimize any interest charges applied to tax underpayments." 50 ILCS 45/30. That concern is amply illustrated in this case, where the Village seeks to more than double its demand by tacking on exorbitant interest and penalties for a tax that is (and should be) ultimately paid over by the consumer. (*Compare* Plf.'s Mot. for S.J. at 7 (seeking approximately $1.4 million in back taxes) *with id.* at 9 (seeking approximately $3.8 million in taxes, penalties, and interest).)

Indeed, applying the discovery rule to tax collection claims would effectively gut the taxpayer protection the legislature expressly provided in the ITBRA. It is in the nature of tax collection that the taxing authority does not know that it has been underpaid until an audit or some other investigation is performed, and that such audits can be initiated even if there is no reason to

suspect fraud. *See, e.g.,* Rosemont Code § 2000-12-6D ("It is the duty and responsibility of *every taxpayer* to make available its books and records for inspection by the Village." (emphasis added)).

Moreover, even if the discovery rule did apply to tax collection actions, and even if the Village did not, as it claims, have actual knowledge as to the precise "amount of tax that [Defendants] submit to hotels" on individual reservations until shortly before filing suit, that would not be sufficient to justify extending the statute of limitations in this case. As the Village's own authority shows, the discovery rule only justifies tolling the statute of limitations until a plaintiff has "sufficient information to put a reasonable person on inquiry as to [whether he might have been damaged] and whether a cause of action existed in [its] favor." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 417 (1981). Here, the Village had all the information it needed to pursue this action well in advance of December 2005.

As the Village itself acknowledges, the so-called "merchant model" was described publicly in Defendants' SEC filings beginning as early as 2000. (Dkt. No. 105 ¶¶ 6, 20-22, 45, 52-53, 81.) However, the Village fails to mention that the model and its potential tax implications were also discussed extensively in the news media. (SOF ¶¶ 3-4.) A 2003 article from the Chicago Tribune— the major metropolitan newspaper serving Rosemont—provides a good example. The lead sentence of the story asks, "Are online travel agencies such as Expedia and Hotels.com shorting state and local governments on hotel-room taxes?" (*Id.* ¶ 4.) The story goes on to discuss what the Village describes as the "merchant model," and notes that "a number of taxing authorities" have questioned whether the model created tax implications. (*Id.*) Indeed, the article notes that service provider InterActive Corp. publicly disclosed in its SEC filings and public statements that it (and, accordingly, certain of his subsidiaries, some of whom are Defendants) did not "collect or remit taxes on the portion of the consumer payment that it retains." (*Id.*)

This article is hardly unique.  Defendants have appended to their statement of facts more than a dozen other articles from major news sources, all of which cover similar territory, and all of which were published before December 2005.  (*Id.* ¶ 3.)  Thus, a plethora of  information was readily available to the Village during the relevant limitations period, and the Village is charged with that knowledge for statute of limitations purposes.  *See In re MarchFIRST, Inc.*, 2008 WL 4287634 at *4 (N.D. Ill. Sept. 12, 2008) (public statement regarding allegedly concealed matter sufficient to bar application of discovery rule).  To the extent it would ever be appropriate to apply the "discovery rule" in a tax case, this one surely does not qualify.

### B.       The limitations period should be measured from October 30, 2010.

The only remaining inquiry, then, is from which point the four-year limitations period is measured.  The Village claims that the limitations period begins on July 23, 2009, the date the complaint in this action was filed.  (Dkt. No. 1.)  But that claim ignores the text of the relevant statute and ordinance, both of which provide that "**[n]o determination of tax due and owing may be issued** more than 4 years" after the end of the year in which any given return was due. Rosemont Code § 2000-12-6D § 15(a) (emphasis added).

The Rosemont Code provides that a "notice of tax due . . . regarding any tax issued by the local tax administrator" must include, among other information "the amount of tax liability proposed."  Rosemont Code § 2000-12-6D § 9(a).  A taxpayer who receives such "determination of tax due" may initiate an appeal of that notice.  *Id.* at § 9(b).  In this case, because the Village chose to bypass the usual tax collection procedures in favor of litigation in this Court, it is questionable whether *any* true "determination of a tax due and owing" has ever been issued.  However, if there is such a determination in this case, it came, at the earliest, when the Village submitted its expert damages report containing a proposed damages amount on October 30, 2010.  The expert damages report marked the first time that the Village  notified Defendants of "the amount of tax liability

proposed," and a monetary demand is a critical component of any "determination of tax due" under the terms of the Ordinance itself. *See Wells Fargo Bank Nat'l Ass'n v. Lake of Torches Econ. Dev. Corp.*, 658 F.3d 684, 694 (7th Cir. 2011) (when interpreting a statute, courts should examine "the language and design of the statute as a whole"). If the limitations period begins on October 30, 2010, Rosemont Code § 2000-12-6D would bar all claims that pre-dated December 1, 2005.

Thus, Defendants ask that the Court grant summary judgment in their favor and order that all claims concerning hotel stays that occurred before December 1, 2005[5], are time-barred.

## IV.    PREJUDGMENT INTEREST SHOULD BE CAPPED AT 1.5% SIMPLE INTEREST.

Defendants also seek summary judgment that any prejudgment interest charged in this case must be capped at 1.5% simple interest. In diversity cases, a federal court will look to state law to determine "the availability of (and rules for computing) prejudgment interest." *Matter of Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1333 (7th Cir. 1992). Thus, Illinois law controls the issue.

The Court need not, as the Village invites it to do (Dkt. 135 at 7-8), speculate as to whether policy interests are best served by assessing compound interest as opposed to simple interest. Illinois law "does not favor compound interest," and for claims at law, in the absence of statutory or contractual language expressly authorizing compounding, prejudgment interest must always be computed as simple interest. *Helland v. Helland*, 214 Ill. App. 3d 275, 277 (2d Dist. 1991); *Martin v. Heingold Commodities, Inc.*, 240 Ill. App. 3d 536, 545 (1st Dist. 1992), *overruled on other grounds*, 163 Ill.2d 33 (1994). Notably, the only case the Village cites which applies Illinois law affirms this principle. *See CIT Communs. Fin. Corp. v. Wes-Tech Autmatoin Solutions, LLC*, 2011 WL 1807041 at *1 (N.D. Ill. May 11, 2011) (distinguishing between claims at law, in which prejudgment interest should not be compounded, and claims in equity, in which the court has

---

[5] Tax allegedly due on transactions reserved between December 1, 2005 and December 31, 2005 would be remitted to the Village in January 2006, which is within the beginning of the fourth calendar year from October 30, 2010. Rosemont Code § 2000-12-6D § 15(a).

discretion to compound interest).  Defendants request summary judgment in their favor on this issue.

## V.     DEFENDANTS SHOULD NOT PAY A 25% PENALTY.

### A.     If penalties are to be imposed at all, they should be capped at 5%.

Since the Village attempted to claim more than its fair share in back taxes and interest, it should come as no surprise that the Village also dramatically overstates its entitlement to penalties. The Village acknowledges that the Ordinance provides a 1.5% monthly penalty "[i]f for any reason, **any tax is not paid or remitted when due.**"  Rosemont Code § 10-25(c) (as amended by Ordinance No. 92-2-5A) (emphasis added).  The Village also acknowledges that the penalty caps in the ITBRA apply.  *See* Dkt. No. 135 at 7 n.28.  However, the Village attempts to apply ITBRA's 25% cap on "failure to file penalties," (50 ILCS 45/60), as opposed to the statute's 5% cap on "late payment penalties" (50 ILCS 45/55).  This error cannot stand.  A penalty that expressly applies when a tax is "for any reason . . . not paid" is, by its own terms, a "late payment penalty," and not a "failure to file penalty."  To the extent penalties are to be awarded, therefore, they should be capped at 5% of the total tax due.  Defendants request summary judgment to that effect.

### B.     The Court should decline to award penalties in this case because they would not serve a proper deterrence purpose.

Penalties should not be awarded in this case because any such award would violate the Due Process Clause of the United States Constitution.  Courts have found that penalties violate the Due Process Clause when there is "no intentional wrongdoing, no departure from any prescribed or known standard of action, and no reckless conduct."  *Sw. Telegraph & Telephone Co. v. Danaher*, 238 U.S. 482, 491 (1915) (penalties at the statutorily-prescribed rate of $100 per day for 63 days of alleged discrimination found "arbitrary and oppressive" in violation of the due process clause when

company had been acting pursuant to a company regulation and "there was no mode of judicially testing the regulation's reasonableness in advance of acting under it").

Here, it is Defendants' position that no taxes are owed under the Ordinance—a justifiable position given the fact that numerous cases are pending around the country on this very same issue and, to date, several courts have held that Defendants do not owe taxes under various municipal hotel occupancy tax ordinances. *See City of Phila. v. City of Phila. Tax Review Bd.,* No. 216 C.D. 2011, at *7-9 (Comm. Court of Pa. Feb. 2, 2012) (Ex. A) (affirming tax board and trial court's decision finding that online travel companies do not possess the right to rent to rent hotel rooms and are not subject to tax); *City of Houston et al. v. Hotels.com et al,* No. 14-10-00349, at 11-14 (Tx. Crt of App. Oct. 25., 2011) (Ex. B); *City of Birmingham, et al. v. Orbitz, Inc*., CV 09-3607 JSV, Mar. 24, 2011 Order at 2 (Jefferson County Cir. Ct. 2011) (Ex. C); *Priceline.com et al. v. City of Anaheim*, No. JCCP 4472 (Los Angelos Sup. Crt. Feb. 1, 2010) (Dkt. No. 117 at Ex. D); *Louisville/Jefferson County Metro Government v. Hotels.com, L.P*., No. 3:06-CV-480-R, 2008 WL 4500050 (W.D.Ky. Sept. 30, 2008) (dismissing hotel occupancy tax case brought against online travel companies by the City of Louisville, Kentucky, because internet businesses that "have neither ownership, nor physical control, of the rooms they offer for rent" are not similar to hotels as required for tax liability under the city's statute); *City of Findlay, Ohio v. Hotels.com, L.P*., 561 F.Supp.2d. 917 (N.D. Ohio 2008) (finding defendant online travel companies are not obligated, under the statutes of nine Ohio cities, to directly pay hotel occupancy taxes because Defendants are not "vendors," "operators," or "managing agents" of hotels); *City of Orange, Texas v. Hotels.com*, L.P., No. 1:06-CV-413, 2007 WL 2787985 (E.D. Tex. September 21, 2007) (adopting Report and Recommendation of Magistrate Judge finding defendant online travel companies not liable for hotel occupancy tax because money paid for defendants' services was not "consideration paid . . . to [a]

hotel"); *Pitt County v. Hotels.com L.P.*, No. 4:06-CV-30-BO (E.D.N.C. Aug. 13, 2007) (Exhibit D), *affirmed by* 553 F.3d 308 (4th Cir. 2009) (online travel companies were not liable for hotel occupancy taxes because they were not "operators" of hotels or "similar types of businesses" to hotels, motels, tourist homes, and tourist camps); *City of Columbus, Ohio v. Hotels.com, L.P.*, No. 3:08-CV-2117, 2007 WL 2138585 (N.D. Ohio July 23, 2007) (finding City of Columbus's transient guest tax ordinance did not impose a direct tax obligation on the online travel companies because online travel companies were not "vendors."); *City of Findlay v. Hotels.com, L.P.*, 441 F. Supp. 2d. 855 (N.D. Ohio 2006) (finding City of Findlay's transient guest tax ordinance did not impose a direct tax obligation on the online travel companies because online travel companies were not "vendors.").  Thus, there was no notice that any tax was owed and no intentional wrongdoing here, and penalties are simply not justified.  *See. Sw. Telegraph & Telephone Co.,* 238 U.S. at 491.

## VI.  CALCULATIONS

Should the Court choose to award damages in this case, Defendants submit the following calculations to assist the Court in applying the analytic damages framework set forth above:

### A.  Calculation 1 (Damages Scenario Advocated by Defendants)

Applies a four year statute of limitations, with the operative date for the determination of October 30, 2010, the date of Mr. Peterson's expert report, and the first time that the Village ever made a specific monetary demand of any Defendant. Also reflects 1.5% simple interest.

**Transaction Data December 1, 2005 through February 2012**

| OTC | | Alleged Tax on Markup and Fees | Simple Interest at 1.5% | Alleged Penalties Capped at 5% | Alleged Penalties at 25% | Alleged Tax and Interest (Penalties at 5%) | |
|---|---|---|---|---|---|---|---|
| Expedia | $ | 226,651 | 137,931 | 11,222 | 51,911 | 364,581 | (11,222) |
| *Hotels.com* | | *175,809* | *96,453* | *8,703* | *39,352* | *272,262* | *(8,703)* |
| Hotwire | | 181,879 | 86,935 | 9,826 | 39,862 | 268,814 | (9,826) |
| Priceline | | 272,077 | 146,251 | 13,474 | 60,948 | 418,329 | (13,474) |
| Site 59 | | 1,929 | 1,501 | 97 | 481 | 3,430 | (97) |
| Travelocity | | 62,086 | 38,956 | 3,080 | 14,323 | 101,042 | (3,080) |
| Travelweb | | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Damages** | **$** | **920,431** | **508,027** | **46,402** | **206,878** | **1,428,459** | *(46,402)* |

## B.     Calculation 2

Applies a four year statute of limitations, with the operative date for the determination of July 23, 2009, the date the Complaint was filed. Also reflects 1.5% simple interest.

**Transaction Data December 1, 2004 through February 2012**

| OTC | | Alleged Tax on Markup and Fees | Simple Interest at 1.5% | Alleged Penalties Capped at 5% | Alleged Penalties at 25% | Alleged Tax and Interest (Penalties at 5%) | |
|---|---|---|---|---|---|---|---|
| Expedia | $ | 266,787 | 186,427 | 13,228 | 61,945 | 453,214 | (13,228) |
| *Hotels.com* | | *198,938* | *124,500* | *9,859* | *45,135* | *323,437* | *(9,859)* |
| Hotwire | | 191,834 | 98,976 | 10,676 | 42,351 | 290,810 | (10,676) |
| Priceline | | 307,379 | 188,905 | 15,239 | 69,774 | 496,284 | (15,239) |
| Site 59 | | 2,980 | 2,766 | 150 | 744 | 5,746 | (150) |
| Travelocity | | 73,949 | 53,400 | 3,673 | 17,289 | 127,349 | (3,673) |
| Travelweb | | 3,375 | 4,183 | 169 | 844 | 7,557 | (169) |
| **Total Damages** | **$** | **1,045,242** | **659,156** | **52,995** | **238,081** | **1,704,398** | *(52,995)* |

## C.     Calculation  3

Applies a six year statute of limitations, with the operative date for the determination of October 30, 2010, the date of Mr. Peterson's expert report. Also reflects 1.5% simple interest.

Transaction Data December 1, 2003 through February 2012

| OTC | | Alleged Tax on Markup and Fees | Simple Interest at 1.5% | Alleged Penalties Capped at 5% | Alleged Penalties at 25% | Alleged Tax and Interest (Penalties at 5%) | |
|---|---|---|---|---|---|---|---|
| Expedia | $ | 313,605 | 251,743 | 15,569 | 73,650 | 565,348 | (15,569) |
| *Hotels.com* | | *234,290* | *174,050* | *11,627* | *53,972* | *408,340* | *(11,627)* |
| Hotwire | | 201,545 | 112,596 | 11,996 | 44,779 | 314,142 | (11,996) |
| Priceline | | 331,331 | 222,153 | 16,437 | 75,762 | 553,484 | (16,437) |
| Site 59 | | 3,443 | 3,408 | 174 | 860 | 6,851 | (174) |
| Travelocity | | 87,204 | 71,954 | 4,335 | 20,602 | 159,157 | (4,335) |
| Travelweb | | 8,969 | 11,894 | 448 | 2,242 | 20,863 | (448) |
| **Total Damages** | $ | **1,180,386** | **847,799** | **60,587** | **271,867** | **2,028,185** | **(60,587)** |

**D.    Calculation 4**

Applies a six year statute of limitations, with the operative date for the determination of July 23, 2009, the date the Complaint was filed. Also reflects 1.5% simple interest.

Transaction Data December 1, 2002 through February 2012

| OTC | | Alleged Tax on Markup and Fees | Simple Interest at 1.5% | Alleged Penalties Capped at 5% | Alleged Penalties at 25% | Alleged Tax and Interest (Penalties at 5%) | |
|---|---|---|---|---|---|---|---|
| Expedia | $ | 357,373 | 320,043 | 17,758 | 84,592 | 677,416 | (17,758) |
| *Hotels.com* | | *287,277* | *256,668* | *14,276* | *67,219* | *543,945* | *(14,276)* |
| Hotwire | | 208,569 | 123,521 | 13,095 | 46,535 | 332,090 | (13,095) |
| Priceline | | 348,187 | 248,346 | 17,280 | 79,976 | 596,533 | (17,280) |
| Site 59 | | 3,975 | 4,232 | 200 | 993 | 8,207 | (200) |
| Travelocity | | 92,602 | 80,365 | 4,605 | 21,952 | 172,967 | (4,605) |
| Travelweb | | 16,134 | 23,146 | 807 | 4,033 | 39,280 | (807) |
| **Total Damages** | $ | **1,314,118** | **1,056,321** | **68,021** | **305,299** | **2,370,438** | **(68,021)** |

## CONCLUSION

For all the reasons set forth above, Defendants request that the Court DENY Plaintiff's motion for summary judgment and GRANT Defendants' Cross Motion for Summary Judgment.

Dated: Feb. 13, 2012

Respectfully submitted,

/s/ Mark P. Rotatori

Mark P. Rotatori (06225962)
  Email: mprotatori@jonesday.com
Nicole Henning (6286386)
  Email: nhenning@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

*Attorneys for Defendants Expedia, Inc.,
Hotels.com, L.P., and Hotwire, Inc.*

/s/ Randolph K. Herndon

Randolph K. Herndon (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone:     (302) 651 3000
Fax:     (302) 651 3001
*Attorney for Defendants priceline.com
Incorporated and Travelweb LLC*

    /s/ Brian Stagner

Brian S. Stagner (admitted *pro hac vice*)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

Luke DeGrand
Teresa Frisbie
Tracey L. Wolfe
DEGRAND & WOLFE, P.C.
20 S. Clark St., Suite 2620
Chicago, IL 60603

*Attorneys for Defendants Site59.com, LLC
and Travelocity.com L.P.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on Feb. 13, 2012, a copy of the foregoing was

served using the Court's CM/ECF system, which will send electronic notification to the

following attorneys of record at the e-mail addresses on file with the Court:

Paul M. Weiss
Jeffrey A. Leon
George Lang
Richard J. Burke
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

Steve W. Berman
Karl Barth
Andrew Volk
Christopher A. O'Hara
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 West Lake Street, Suite 400
Oak Park, IL 60301-1043
**Attorneys for Plaintiff**

Albert L. Hogan III
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
155 N. Wacker Dr.
Chicago, IL 60606

Randolph Herndon
Karen Valihura
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Darrel J. Hieber
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
**Attorneys for priceline.com, Incorporated, Travelweb, LLC**

Luke DeGrand
Teresa Frisbie
Tracey L. Wolfe
DEGRAND & WOLFE, P.C.
20  S. Clark St., Suite 2620
Chicago, IL 60603

Brian S. Stagner
Scott R. Wiehle
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
**Attorneys for Site59.com, LLC and Travelocity.com, L.P.**

_____s/ Nicole Henning_____
Nicole Henning